United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
D & M Walls, Inc.,                                        Case No. 06-51015-R
                              Debtor.                     Chapter 11
_____/

D & M Walls, Inc.,
                    Plaintiff,

v.                                                        Adv. No. 07-5963

Karen Bashaw, individually, Estate of
David Brian Bashaw, Karen L. Bashaw,
personal representative, and David Bashaw, Jr.,
jointly and severally,
                    Defendants.
_____/


Opinion Regarding Plaintiff's Motion to Dismiss Counter-Complaint, Defendants'
Motion to Dismiss Complaint, and Plaintiff's Motion for Summary Judgment


I. Introduction

On June 8, 2007, the debtor, D & M Walls, Inc., filed this adversary proceeding against the

defendants: Karen Bashaw, individually; Estate of David Brian Bashaw; Karen Bashaw, personal

representative; and David Bashaw, Jr. Karen Bashaw is the widow of David Brian Bashaw, a former

shareholder of the debtor. David Bashaw, Jr. is her minor son. In Count I of the complaint, the

debtor alleges that stock redemption payments received by the defendants during the one year

preceding the filing of the bankruptcy are preferences under § 547. In Count II, the debtor alleges

that certain payments received by the defendants in the two years prior to the bankruptcy filing are

fraudulent conveyances.

The debtor filed an amended complaint on October 3, 2007, and added Count III to avoid the transfer under § 544 and Count IV, alleging that the stock redemption agreement between the debtor and the defendants was void under state law.

On December 21, 2007, Karen Bashaw, in her capacity as personal representative of the estate of David Brian Bashaw, filed a counter-complaint. Bashaw alleges in her counter-complaint, that on February 12, 2004, she entered into a Stock Redemption Agreement, Warranty Bill of Sale, Promissory Note, and Collateral Pledge and Escrow Agreement. Pursuant to the Agreement, the debtor was to pay Bashaw $500,000 for the redemption of 500 shares of debtor's stock. The $500,000 was to be paid $242,000 on February 12, 2004 and a promissory note for $258,000, to be paid in 60 equal monthly payments at 3.9% interest. The debtor was also to pay off two loans, in the amounts of $18,000 and $36,000, that were guaranteed by David Brian Bashaw.

Bashaw alleges in the counter-complaint that she has not received payment of the $258,000 provided for in the promissory note. Bashaw states that she did receive some payments, but the debtor did not indicate whether the payments were for principal or interest. Bashaw alleges that she is owed $212,000 and seeks to set-off any amounts found to be owed by her to the debtor.

On January 8, 2008, the debtor filed a motion to dismiss the counter-complaint. On January 21, 2008, Karen Bashaw, individually, and David Bashaw, Jr. filed a motion to dismiss the complaint. On January 22, 2008, the debtor filed a motion for summary judgment. The Court has determined that a hearing on these motions is not necessary.

## II. Motion to Dismiss Counter-Complaint

In support of its motion to dismiss the counter-complaint, the debtor argues that it listed Karen Bashaw as a creditor with a disputed claim on its schedules. The proof of claim deadline was

December 12, 2006. However, Karen Bashaw did not file a proof of claim, either in her individual capacity or in her capacity as personal representative of the estate of David Brian Bashaw. The debtor's plan was confirmed on February 14, 2007. The debtor argues that the confirmed plan provided that unsecured creditors were to file a claim and only those who filed claims were entitled to a distribution. The debtor argues that the plan is res judicata and therefore the counter-complaint should be dismissed.

Karen Bashaw argues that the confirmed plan specifically provided that the Court retained jurisdiction over "any litigation which may result against Karen Bashaw for recovery of preferences and/or fraudulent conveyance items resulting from the stock purchase agreement transaction flowing from the death of her husband." Art. VII of the First Amended Plan and Disclosure Statement.

"The claims allowance process is an integral component of the court's equitable power to restructure debtor-creditor relationships." *In re Best Products Co., Inc*., 140 B.R. 353, 356 (Bankr. S.D.N.Y. 1992). Bankruptcy Rule 3003© requires certain creditors in chapter 11 cases to file proofs of claim in order to participate in distribution under a plan of reorganization. Fed. R. Bankr. P. 3003©; *see also In re Best Products Co., Inc*., 140 B.R. at 356. To promote the finality of the proceedings, Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown shall extend the time within which proofs of claim or interest may be filed." That time is delineated by the bar date, which is fixed by a bar order.

> A bar order serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving a successful reorganization. . . . Thus a bar order does not 'function merely as a procedural gauntlet,' but as an integral part of the reorganization process.

*In re Hooker Investments, Inc*., 937 F.2d 833, 840 (2d Cir. 1991) (citations omitted).

By the terms of § 1141(d), "the confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation . . . ." 11 U.S.C. § 1141(d)(1)(A).

Bashaw relies on language in the plan which provides that the Court retains jurisdiction over any litigation against Karen Bashaw for recovery of preferences and/or fraudulent conveyances. However, this language preserves the debtor's rights, not Bashaw's.

Bashaw failed to file a proof of claim and her debt was discharged. Accordingly, the debtor's motion to dismiss the counter-complaint is granted.

### III. Motion to Dismiss Complaint

In support of their motion to dismiss, defendants Karen L. Bashaw, individually, and David Bashaw, Jr., argue that David Bashaw, Jr. is a minor and was not properly named as such in the caption. The defendants further argue that they were good faith mediate transferees of the estate of David Brian Bashaw and, as such, the debtor cannot recover from them.

The debtor responds that it made a mistake in not suing David Bashaw, Jr. through a guardian and that such mistake can easily be corrected. The debtor further argues that the defendants were not good faith transferees. The debtor argues that the defendants cannot claim that they were unaware of the avoidability of the transfer because they knew that there were questions regarding the solvency of D & M Walls during the stock redemption negotiations. The debtor relies on letters from its attorney to the defendants' attorney. The debtor contends that the defendants also did not take for value as required by § 550.

The Court concludes that there are genuine issues of material fact as to whether the

4

defendants were good faith transferees. Accordingly, the defendants' motion to dismiss on this basis is denied.

With respect to the captioning issue as to the minor David Bashaw, Jr., the debtor shall amend the complaint within 28 days or the complaint will be dismissed as to David Bashaw, Jr.

## IV. Motion for Summary Judgment

The debtor moves for summary judgment on all four counts of the complaint. The Court concludes that there are genuine issues of material fact which preclude summary judgment.

## V. Conclusion

Accordingly, the plaintiff's motion to dismiss the counter-complaint is granted, the defendants' motion to dismiss the complaint is denied and the plaintiff's motion for summary judgment is denied. The plaintiff shall amend the complaint as to David Bashaw, Jr. within 28 days.

Not for Publication

**Signed on June 05, 2008**

**/s/ Steven Rhodes**
**Steven Rhodes**
**Chief Bankruptcy Judge**

5